F. CHRISTOPHER AUSTIN, ESQ.
Nevada Bar No. 006559
NATALIE M. COX, ESQ.
Nevada Bar No. 007662
**KOLESAR & LEATHAM**
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Telephone: (702) 362-7800
Facsimile: (702) 362-9472
E-Mail: caustin@klnevada.com
ncox@klnevada.com

Attorneys for Plaintiff
Bond Manufacturing Co.

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BOND MANUFACTURING CO., a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> XIAMEN HWAART COMPOSITE MATERIAL CO., LTD.; a Chinese entity; JIMMY CHEN, an individual and TINA WU, an individual, <br><br> Defendants. | CASE NO. 2:13-cv-00812-APG-NJK <br><br> **ORDER GRANTING EMERGENCY EX PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER, SEIZURE ORDER AND PRELIMINARY INJUNCTION** |

Bond Manufacturing Co. ("Bond") having filed the Complaint against Defendants Xiamen Hwaart Composite Material Co., Ltd ("HWA"), Jimmy Chen ("Chen") and Tina Wu ("Wu") (collectively HWA, Chen and Wu are referred to herein as "Defendants"); and having filed an *ex parte* Motion for a Temporary Restraining Order, Seizure Order and Preliminary Injunction ("Motion"); and the Court having considered the arguments contained therein and based on those papers, the Court finds as follows:

1. Bond is likely to succeed in demonstrating that it owns federally registered BOND and ENVIROSTONE trademarks, as well as the common law trademark, DONATO, NEW CASTLE, PAMILLA, CANYON RIDGE and SOMERSVILLE for outdoor heating products in the nature of patio heaters, fire-bowls, fire pits, and fireplaces (collectively, the

1  "Bond Marks") and that Defendants are infringing upon the Bond Marks by advertising, selling and/or offering to sell counterfeit Bond products packaged with marks identical to Bond's Marks.

2. The injury to Bond's reputation and goodwill resulting from Defendants' trademark infringement is by its very nature irreparable, as Defendants are unlawfully seeking to capitalize on the reputation and good will of Bond.

3. The harm to Bond from Defendants' infringement clearly outweighs the potential harm to any legitimate interest of Defendants resulting from the issuance of an injunction.

4. Bond has not publicized the requested seizure.

5. There is reason to believe that between May 7 and May 9, 2013, Defendants' counterfeit Bond products will be located at:

> The National Hardware Show
> Las Vegas Convention Center Hall
> Booth _10009_
> 3150 Paradise Road
> Las Vegas, NV 89109

6. Bond has given reasonable notice of the subject application to the United States Attorney for this judicial district.

NOW THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED:

A. Defendants, their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with one or more of them who receive actual notice of this Order, are hereby temporarily enjoined and restrained, pending a determination of Bond's motion for a preliminary injunction, from engaging in the following activities and from assisting or inducing others to engage in the following activities:

i. Using any of the Bond Marks or any other trademarked design that is a colorable imitation of any Bond Mark or confusingly similar thereto on or in connection with outdoor heating products;

ii. Manufacturing, importing, exporting, distributing, shipping, introducing into commerce, returning, disposing of, purchasing, offering for sale, marketing, selling, soliciting, filling order for, promoting, or advertising any outdoor heating product or other

1 products embodying the Bond Marks.

2     iii.    Passing off, promoting, or selling any products as being produced by or under the supervision or control of Bond when such is not the case;

    iv.    Destroying, altering, shipping, secreting, or otherwise making unavailable to the Court, Bond, the United States Marshal or other law enforcement officer, any documents or tangible things concerning the manufacture, importing, exporting, distribution, shipment, introduction into commerce, return, disposal of, purchase, offer for sale, sale, solicitation, filling of orders for, promotion or advertising of any outdoor heating products embodying the Bond Marks, and/or any documents or tangible things subject to seizure or discovery hereunder or otherwise relevant to this action;

    v.    Within three (3) days from the date of the issuance of this Order, the United States Marshal, other law enforcement officer, or security officer and persons acting under their supervision ("Enforcement Officer"), in the company of Bond's counsel, shall seize at the locations identified above or if the booth location identified above is changed, at such new booth location identified as being registered to Defendants for the National Hardware Show and impound the following:

    a.    all goods, packaging, containers and advertising material (including circulars, price lists, labels, signs, catalogs, posters, displays, brochures and promotional items) bearing and/or embodying the Bond Marks, or displaying any Bond products.

    b.    all business records (including books, records, accounting invoices, purchase orders, computer records and tapes and any other written, visual or auditory information) which document the manufacture, purchase, distributions, sale or receipt of the documents and things described in paragraph vi(a) above.

    vi.    Defendants shall fully cooperate with the United States Marshal or other Enforcement Officer in furtherance of the foregoing duties, including permitting entrance upon Defendants' premises and permitting discovery and inventory of all documents and things to be seized and impounded and disclosing to and accompanying the United States Marshal or other Enforcement Officer and any persons with him or her, to such places wherein any documents or

1 things to be seized and impounded are kept or stored or may be found including vehicles and
2 conveyances used to store or transport such documents or things.

3       vii.      The United States Marshal or other Enforcement Officer conducting the
4 seizure as directed herein may use reasonable force as necessary to open doors, drawers, closets,
5 safes, locks and vehicles on the above identified premises and Bond will hold the U.S. Marshal
6 or other Enforcement Officer harmless for any liability related to the execution of this Order.

7       viii.      Bond's attorney shall provide a person capable of determining whether or
8 not an item is covered by the preceding paragraphs and the United States Marshal or other
9 Enforcement Officers shall follow his or her determination in the seizure.

10       ix.      The United States Marshal or other Enforcement Officer, his or her agent
11 or designee, shall promptly conduct an inventory of all documents and things seized and
12 impounded and shall promptly provide a copy of such inventory to Defendants from whom such
13 documents and things are seized and to Bond or its attorneys, or make the same available for
14 copying.

15       x.      Bond's counsel shall be permitted immediately to inspect and copy the
16 documents and things seized pursuant to this Order and to accompany the United States Marshal
17 or other Enforcement Officer, during the searching, seizing and impounding provided for herein,
18 provided Bond's counsel: a) maintain as confidential all trade secrets or other confidential
19 information of Defendants designated as such by Defendants; and b) pending the hearing on
20 whether to confirm the seizure, does not disclose Defendant designated trade secrets or
21 confidential information therein to Bond or any third parties, except with leave of the Court. The
22 term "Bond's counsel" shall mean throughout this Order attorneys with the law firm of Kolesar
23 & Leatham, as well as paralegal assistants, stenographic and clerical employees working under
24 the direct supervision or control of such counsel.

25       xi.      The United States Marshall or other Enforcement Officers and person
26 acting under their supervision are hereby authorized to make repeated seizures or attempted
27 seizures at the location identified in this Order, upon being advised by counsel for Bond that new
28 or additional infringing articles have been located or placed in the possession or under the

1  control of the Defendants, or of any agents, servants, or employees of Defendants. All seizures
2  executed pursuant to this Order are to be ~~contemplated~~ *completed* ~~of~~ within three (3) business days of the date
3  of this Order.

4      xii.    Defendants are hereby required to give proof of a correct name, residential
5  address and phone number where they can be reached by the United States Marshal or other
6  Enforcement Officers and that failure to give such correct name, address and phone number may
7  result in contempt of this Court.

8      xiii.    Personal service of a copy of this Order and the Complaint and other
9  papers upon which this Order is based shall be made upon Defendants by the United States
10 Marshal or other Enforcement Officers, at the time of any seizures as provided herein, which
11 shall constitute sufficient service thereof.

12     Defendants shall show cause before the Honorable *Andrew Gordon* Judge of the above
13 entitled Court, on *May 20*, 2013 at *1:30* a.m./(p.m.) in Courtroom *6C* at
14 the Lloyd D. George United States Federal Courthouse, 333 Las Vegas Boulevard South, Las
15 Vegas, Nevada 89101, or as soon thereafter as the parties may be heard concerning whether the
16 seizure order should be confirmed, why preliminary injunctions should not issue, pursuant to
17 Fed. R. Civ. P. 65(a), enjoining Defendants pending the final hearing and determination of this
18 action, from such activities as Defendants have today been temporarily restrained from engaging
19 and why such additional and other relief as may be appropriate should not issue.

20     xiv.    This Order is conditioned upon Bond filing an undertaking in the form of
21 a bond of at least the amount of $*3000.00*, ~~conditioned as the law requires~~ *Or* to secure the
22 payment of such cost and damages ~~not to exceed such sum~~ *Or* as maybe suffered or sustained by a
23 party who is found to have been wrongfully restrained or seized hereby.
24 ///
25 ///
26 ///
27 ///
28 ///

xv. The hearings regarding the seizure order and the Preliminary Injunction in this case are hereby consolidated in the interest of judicial economy. Separate hearings will unnecessarily duplicate the efforts of the parties and the Court, since the evidence and legal argument on each issue substantially overlaps.

_____
UNITED STATES DISTRICT JUDGE

DATED: _May 8, 2013 3:55 pm_

Submitted by:

**KOLESAR & LEATHAM**

By _____
F. CHRISTOPHER AUSTIN, ESQ.
Nevada Bar No. 006559
NATALIE M. COX, ESQ.
Nevada Bar No. 007662
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Attorneys for Plaintiff
Bond Manufacturing Co.