UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BOND MANUFACTURING,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>XIAMEN HWAART COMPOSITE MATERIAL CO., et al.,<br><br>　　　　Defendants. | 2:13-cv-00812-APG-NJK<br><br>**ORDER**<br><br>Stipulation Adjourning Discovery Plan and Scheduling Order (Docket No. 30) |

Before the Court is the parties' Stipulation Adjourning Discovery Plan and Scheduling Order, Docket No. 30, which, for the reasons discussed below, is hereby **DENIED without prejudice**.

**I.     Failure to Provide Required Information**

Pursuant to LR 26-4, all stipulations to extend discovery must include:

(a) A statement specifying the discovery completed;
(b) A specific description of the discovery that remains to be completed;
(c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and,
(d) A proposed schedule for completing all remaining discovery.

The parties' stipulation does not include items (a), (b), or (c).

**II.    Failure to Show Good Cause**

A motion to extend deadlines in the Court's scheduling order must be supported by a showing of "good cause" for the extension. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992); *see also* Fed. R. Civ. P. 16(b) and Local Rule 26-4.  The good cause

inquiry focuses primarily on the movant's diligence. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000). "Good cause" to extend a deadline exists "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609. While prejudice to the opposing party may also be considered, where the movant "fail[s] to show diligence, 'the inquiry should end.'" *Coleman*, 232 F.3d at 1295 (quoting *Johnson*, 975 F.2d at 609).

Here, the parties state that the extension is necessary due to Defendants' substitution of counsel, retention of counsel in New York, filing of *pro hac vice* documents, and need for new counsel to review case. Docket No. 30, at 2. The Court, however, when approving the substitution of counsel, specifically instructed Defendants that the approval was subject to the provisions of Local Rule 10-6(d) and (e). Docket No. 29, at 2. Subparagraphs (d) and (e) explicitly provide that discharge, withdrawal, or substitution of an attorney shall not alone be reason for delay of pretrial proceedings, discovery, or trial, and that except for good cause shown, no withdrawals will be approved if delay would result. Therefore, Defendants' substitution of counsel alone is not good cause for an extension.

### III.  Failure to Show Excusable Neglect

Requests to extend a discovery deadline filed less than 21 days before the expiration of that particular deadline must be supported by a showing of excusable neglect. *See* Local Rule 26-4. This motion was filed only six days before the deadline to amend pleadings and add parties will expire; therefore, excusable neglect must be shown.

Excusable neglect encompasses situations in which the failure to comply with a filing deadline is attributable to negligence. *Lemoge v. U.S.,* 587 F.3d 1188, 1195 (9th Cir.2009). There are at least four factors for determining whether neglect is excusable: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.,* 507 U.S. 380, 395 (1993). The determination of whether neglect is excusable is ultimately an equitable one, taking account of all relevant circumstances

surrounding the party's omission. *Pioneer*, 507 U.S. at 395. This equitable determination is left to the discretion of the district court. *Pincay v. Andrews,* 389 F.3d 853, 860 (9th Cir.2004).

Here, the parties have failed to address excusable neglect in their stipulation. Further, as discussed above, the parties have failed to show diligence in conducting discovery, and the reason for the delay weighs against granting the requested extension.

### III.   Conclusion

IT IS HEREBY ORDERED that the Parties' Stipulation Adjourning Discovery Plan and Scheduling Order, Docket No. 30, is hereby DENIED without prejudice.

DATED this __4th__ day of December, 2013.

_____
NANCY J. KOPPE
United States Magistrate Judge

3