**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BOND MANUFACTURING CO., | |
| Plaintiff(s), | Case No. 2:13-cv-00812-APG-NJK |
| vs. | **ORDER** |
| XIAMEN HWAART COMPOSITE MATERIAL CO., LTD., JIMMY CHEN, and TINA WU, | (Mtn to Withdraw - Dkt. #54) |
| Defendant(s). | |

This matter is before the court on Plaintiff Bond Manufacturing Co.'s Motion to Compel (Docket No. 58) and Motion for Protective Order (Docket No. 59). The Court finds these motions are appropriately resolved without oral argument. Local Rule 78-2. For the reasons discussed below, Plaintiff's motions are DENIED without prejudice.

**I.     BACKGROUND**

On February 20, 2014, Defendants' former counsel filed a motion to withdraw. Docket No. 54. The following day, the Court granted that request, noting that Defendants' prior counsel represented to the Court that "Defendants are no longer communicating with their attorneys, have failed to respond to repeated requests for documents and information responsive to discovery requests, and have failed to timely pay legal fees and disbursement which has left a large past due balance owed to Defendants' attorneys." Docket No. 55, at 1 (*citing* Docket No. 54, at 1-2). The Court gave Defendant Xiamen Hwaart Composite Material Co., Ltd., until March 31, 2014, to retain new counsel and Defendants Jimmy Chen and Tina Wu until March 31, 2014, to retain new counsel of file a statement that they will be proceeding *pro se*. Docket No. 55, at 2.

. . .

. . .

1    Thereafter, on February 27, 2014, Plaintiff filed the instant Motion to Compel and Motion for
2 Protective Order. Docket Nos. 58, 59. Pursuant to Local Rule 7-2(b), responses to these motions are due
3 no later than March 16, 2014. LR 7-2(b); *see also* Docket Nos. 58, 59.

## II.    MEET AND CONFER REQUIREMENT

The initial inquiry here, as with any discovery motion, is whether Plaintiff made adequate meet and confer efforts. Fed.R.Civ.P. 37(a)(2)(B) requires that a "party bringing a motion to compel discovery must include with the motion a certification that the movant has in good faith conferred or attempted to confer with the nonresponsive party." Similarly, Local Rule 26-7(b) provides that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have not been able to resolve the matter without Court action." LR 26-7. This Court has previously held that personal consultation means the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). Meaningful discussion means the parties must present the merits of their respective positions and assess the relative strengths of each. *See Fifty-Six Hope Rd. Music, Ltd. v. Mayah Collections, Inc.*, 2007 WL 1726558, *11 (D. Nev. June 11, 2007). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev. 1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes." *Id*. This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*.

Judicial intervention is appropriate only when "(1) informal negotiations have reached an impasse on the substantive issue in dispute, or (2) one party has acted in bad faith, either by refusing to engage in negotiations altogether or by refusing to provide specific support for its claims of privilege." *Monsanto*, 151 F.R.D. at 120.

. . .

### III. ANALYSIS

Here, Plaintiff has failed to show that it made adequate meet and confer efforts prior to filing the instant motions. As Plaintiff is aware, Defendants do not currently have counsel, nor are they required to have counsel, until March 31, 2014. Plaintiff represents that it met and conferred with Defendants' prior counsel but, as discussed above, Defendants' former counsel was no longer in communication with Defendants. Therefore, Defendants' former counsel was not in a position to meaningfully discuss each contested discovery dispute. Accordingly, any discussion with Defendants' former counsel would have been merely a formality and not a substitution for judicial review of the discovery disputes. *See Monsanto*, 151 F.R.D. at 120. Further, in light of the March 31, 2014, deadline for retaining counsel, Plaintiff is aware that Defendants are unlikely and, in the case of the corporate Defendant, not able to respond to the discovery motions at this time. Therefore, the Court will be unable to decide these motions on the merits, which is contrary to public policy.

Accordingly, once Defendants have retained counsel and/or filed statements indicating that they will proceed *pro se*, the parties must meet and confer on each one of the disputed matters and "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." See *Monsanto*, 151 F.R.D. at 120. The purpose of the discussion should be to either resolve or narrow the dispute.

### IV. CONCLUSION

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Plaintiff Bond Manufacturing Co.'s Motion to Compel (Docket No. 58) is DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiff Bond Manufacturing Co.'s Motion for Protective Order (Docket No. 59) is DENIED without prejudice.

Dated: March 10, 2014.

          NANCY J. KOPPE
          UNITED STATES MAGISTRATE JUDGE