**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BOND MANUFACTURING CO., | )<br>) |
| Plaintiff, | ) Case No. 2:13-cv-00812-APG-NJK<br>) |
| vs. | ) **REPORT AND RECOMMENDATION**<br>) |
| | ) Motion to Strike Answer and Enter<br>) Default - Docket No. 72 |
| XIAMEN HWAART COMPOSITE MATERIAL<br>CO., LTD., JIMMY CHEN, and TINA WU, | )<br>)<br>) |
| Defendants. | ) |
| XIAMEN HWAART COMPOSITE MATERIAL<br>CO., LTD., JIMMY CHEN, and TINA WU, | )<br>)<br>) |
| Counterclaimants, | ) |
| vs. | ) |
| BOND MANUFACTURING CO., | ) |
| Counterdefendant. | ) |

This matter was referred to the Court by Local Rule IB 1-4 and 28 U.S.C. § 636(b)(1)(B). Pending before the Court is Plaintiff/Counterdefendant Bond Manufacturing Company's ("Plaintiff") Motion to Strike Answer and Enter Default. Docket No. 72. This motion is filed on the heels of defendants Xiamen Hwaart Composite Material Co., Ltd., Jimmy Chen and Tina Wu (collectively, "Defendants") failure to respond to this Court's Order to Show Cause, issued April 9, 2014. Docket No. 68. Therein, the Court

ordered Defendants to show cause why their answer should not be stricken and default judgment entered against them for their failure to comply with this Court's February 21, 2014, Order (Docket No. 55). *See* Docket No. 68, at 2, *citing* Fed R. Civ. P. 16(f) and Local Rule IA 4-1.[1]  In its February 21, 2014, Order, the Court granted the Motion to Withdraw as Counsel of Record for Defendants (Docket No. 54) filed February 20, 2014.  Docket No. 55.  The Court further ordered that Defendants Jimmy Chen and Tina Wu had until March 31, 2014, in which to retain counsel or file a notice with the Court that they would be appearing in this matter *pro se*.  *Id.*, at 2.  The Court also ordered the corporate Defendant to retain new counsel, and that new counsel had until March 31, 2014, to file a notice of appearance.  *Id.*

Both the Court's Order of February 21, 2014, and the Court's Order to Show Cause of April 9, 2014, advised Defendants that their failure to timely comply "may result in a recommendation to the District Judge for sanctions, including case-dispositive sanctions."  *Id*.  To date, no counsel has filed a notice of appearance on behalf of the corporate Defendant, and the individual Defendants have failed to either retain counsel who has filed a notice of appearance, or file a notice with the Court that they will be appearing in this matter *pro se*.  *See* Docket.  None of the Defendants has requested an extension of time in which to comply with the Court's Order.  *Id*.  Moreover, no Defendant has responded to the Court's Order to Show Cause, despite being ordered to show cause "why their answers should not be stricken and default judgment entered against them[.]"  Docket No. 68, at 2.

The Court accordingly recommends, pursuant to Federal Rule of Civil Procedure 16(f)(1)(C), and Local Rule IA 4-1(d), that Plaintiff's Motion to Strike Answer and Enter Default be **GRANTED**, based on Defendants' failure to defend, participate, or to undertake even minimal compliance with the Court's Orders in this lawsuit, including the Order to Show Cause, which Defendants completely ignored.

//

//

---

[1] Federal Rule of Civil Procedure 16(f)(1)(C) states, in pertinent part: "on motion or on its own, the court may issue any just orders, ... if a party or its attorney ... fails to obey a scheduling order or other pretrial order."  Local Rule IA 4-1 provides that the Court "may, after notice and opportunity to be heard, impose any and all appropriate sanctions on an attorney or party appearing in *pro se* who, without just cause ... [f]ails to comply with any order of this Court."

**RECOMMENDATION**

Based on the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's Motion to Strike Answer and Enter Default (Docket No. 72) be **GRANTED**.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Dated: June 24, 2014.

_____
NANCY J. KOPPE
United States Magistrate Judge

3